BUZZELL and another, Appellants, vs. BERNDT and another, Respondents.*

*October 12—November 15, 1949.*

* Motion for rehearing denied, with $25 costs, on December 30, 1949.

For the appellants there was a brief by *Lehner & Lehner* of *Princeton,* and oral argument by *Philip Lehner.*

J. L. *McMonigal* of Berlin, for the respondents.

FRITZ, J.    The plaintiffs, Lee Buzzell, as the operator, and W. S. Buzzell, as owner of a Ford car, seek to recover judgment against the defendants for damages sustained on November 20, 1946, by plaintiffs in a collision between the car and a nine-feet-wide road grader, operated by Berndt, as an employee of Green Lake county.    Lee Buzzell was driving southward at twenty-five miles per hour on the west half of a twenty-feet-wide gravel roadway, and on that half of the roadway Berndt was operating the grader northward at three miles per hour, when the front axle, left wheel, and radiator of the car struck the right wheel and front end of the grader in a head-on collision.

Plaintiffs contend, and the jury found, that Berndt was causally negligent in failing to display sufficient lighting on the grader.    Whether there was actionable negligence in this respect depends upon whether Berndt was violating the provision in sec. 85.06 (1), Stats., which requires that,—

"All headlights, taillights, clearance lights and lights on road machinery required by this section shall be kept lighted from one-half hour after sunset until one-half hour before sunrise."

As on the day of the accident the time of sunset in Green Lake county was 4:26 p. m., the lights prescribed by the statute were required to be lighted commencing at 4:56 p. m. Consequently, if the collision happened prior to that time the statute was not applicable in this case. The exact time of the collision was sharply disputed, but under the evidence the jury found that the collision did not occur later than one-half hour after 4:26 p. m. Lee Buzzell and three of plaintiffs' witnesses testified it happened after 5 p. m. There was, however, evidence which the jury could and evidently did consider credible that, in a statement given to an insurance investigator seven days after the accident, Lee Buzzell set the time of the accident at 4:45 p. m.; and that on December 9, 1946, Buzzell, in his statement to a county traffic officer in the presence of the county highway commissioner, fixed the time of the collision at 4:30 to 4:45 p. m. Consequently, as the jury's finding that the collision did not occur later than one-half hour after 4:26 p. m. was warranted by the evidence, the statutory provisions and motor-vehicle-department rules relating to lights and lighting equipment were inapplicable in this case.

Plaintiffs also contend and the jury found that Berndt was causally negligent in failing to display at least two red danger signals on the grader. These findings cannot be sustained. There apparently is no evidence that the required red flag signals were not displayed on the grader at the time of the collision. But plaintiffs rely upon the fact that on two photographs of the grader taken on December 9, 1948,—two years after the collision and several months after the grader had not been in use,—there are no such display flags. The absence at that time of such flags in those photographs cannot be deemed to prove that they were not displayed on the grader

at the time of the collision. Consequently, there is no finding as to any negligence on the part of Berndt to sustain the recovery of damages by plaintiffs.

On the other hand, there was evidence which warranted the jury's findings that in operating the car Buzzell was causally negligent as to keeping a proper lookout; and as to inadequate braking equipment on the car. Although he testified that the brakes were good, and in driving twenty-five miles per hour he could have stopped his car within fifty feet, there was evidence to the contrary which the jury could and did consider credible. The county highway commissioner testified that the day after the collision he and a county traffic officer examined the car and found that the brake pedal went right down to the floor boards, and the hand-brake handle came back easily,—no braking power on either; and the traffic officer testified he jacked up the car and could turn the wheels with his hands, with both hand and foot brakes applied hard.

In respect to whether Buzzell was causally negligent as to lookout, as the jury found,—there was evidence that at the time of the accident there was good visibility and nothing to interfere with his vision, although it was dusk. He testified that upon driving southward from the village of Markesan he could see one hundred sixty rods to the south along the road, and with his headlights lit he could see the entire road well enough to distinguish a person for a distance of two hundred to two hundred fifty feet ahead of his car. He had seen the grader about 3 p. m. that day working between his farm and the village. And Berndt testified he could see the road to the Markesan village limits without the aid of lights. Buzzell testified that as he left the village he saw two sets of lights coming northward,—a single light on a vehicle about ninety rods south of his car, and two normal headlights on another vehicle, about one hundred sixty to one hundred seventy rods south of his car, and he concluded both vehicles were on the east half of the road; that when the single light was one hundred feet south of his car he saw the light was on the grader

and recognized it, and assumed it was on its right side; that he kept on going at twenty-five to thirty miles per hour, until his car was twenty feet from the grader; that then he saw it was on the west side of the roadway, and tried to stop his car but had insufficient time; and that he did not know it was on his side, because it was just coming up a grade and had no lights excepting an amber light which was eight feet high on the right-hand corner, on top of the cab, and was tilted and shining at an angle and did not throw a great beam, and which he thought was a fog light. Buzzell claims the light was confusing and he was deceived and tricked into believing the grader was a one-eyed vehicle, and on its right side of the road, and he did not recognize the danger until the grader was about twenty feet away. However, as under his testimony, it is evident that the two headlights on the northbound car lighted up the entire road well enough so he could distinguish a person for a distance of two hundred to two hundred fifty feet ahead of his car; and the northbound car was seventy to eighty feet south of the grader when Buzzell's car was one hundred sixty feet north of that car, and the grader was then about half way between that car and plaintiffs' car, and as he knew that because the road had a series of hills or crests resulting in blind spots, and about fifty feet south of the point of collision a car coming from the south would disappear from view, it was within the province of the jury to find that he was causally negligent in failing to keep a proper lookout to see the grader approaching on the west half of the roadway in time to avoid the collision instead of continuing to drive at twenty-five miles per hour until he was only twenty feet from the place of the accident before he saw and realized that the grader was on the west half of the roadway.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., dissents.